

**John E. Sindoni**
610.822.0202
jsindoni@bonizack.com

> The plaintiff may file an amended complaint by September 4, 2020.  The defendant should respond to the request for a stay by August 24, 2020.
>
> SO ORDERED.
>
> New York, NY        /s/ John G. Koeltl
> August 17, 020        John G. Koeltl
>                              U.S.D.J

August 14, 2020

**By ECF**
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      RE:    *Food for Thought Caterers Corp. v. The Hartford Financial Services Group, Inc. et al.*, Case No. 1:20-03418 (S.D.N.Y.), Letter Motion to Stay Further Proceedings Pending Ruling by the Judicial Panel for Multidistrict Litigation and Notice of Intent to Amend the Complaint

Dear Judge Koeltl:

     We represent Plaintiff, Food for Thought Caterers Corp., in the above-referenced action. Plaintiff submits this letter motion to (1) advise the Court of Plaintiff's intention to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), and (2) request a stay of proceedings pending a ruling by the Judicial Panel for Multidistrict Litigation ("JPML") on whether to centralize this action as part of an insurer-specific MDL.

     First, as this Court is aware, Defendant filed a motion to dismiss on August 7, 2020. During the pre-motion conference, the Court inquired as to whether the Plaintiff intended to amend the Complaint. Plaintiff advised the Court that the decision to do so would depend on the full substance of Defendant's motion. Having reviewed Defendant's motion, including responses to certain issues raised in Plaintiff's pre-motion letter, Plaintiff has decided to amend the Complaint as permitted under Rule15(a)(1)(B). This would be the first amendment to the Complaint.

     Second, Plaintiff wishes to advise the Court of the status of the motion to centralize this case pursuant to 28 U.S.C. § 1407. On July 30, 2020, the JPML heard argument on the motion. On August 12, 2020, the JPML denied the motion with respect to an "industry-wide" MDL involving 32 different insurers or insurer groups. However, the JPML also found that "arguments for insurer-specific MDLs are more persuasive," explaining:

> [T]here is a significant possibility that the actions will share common discovery and pretrial motion practice. Moreover, centralization of these actions could eliminate inconsistent pretrial rulings with respect to the overlapping nationwide

Hon. John G. Koeltl
August 14, 2020
Page 2

      class claims that most insurers face. An insurer-specific MDL therefore could achieve the convenience and efficiency benefits envisioned by Section 1407.

      Because the insurer-specific MDL requests were made midway through the briefing, the JPML did not believe it could rule on the present record. Accordingly, the JPML issued an Order to Show Cause why actions involving four groups of insurers should not be centralized. The Hartford insurers, including Sentinel Insurance Company Limited, the Defendant in this case, comprise one of the four groups of insurers for which the JPML is considering centralizing in an insurer-specific MDL. The JPML has issued an expedited briefing schedule so that this matter can be considering during its next hearing scheduled for September 24, 2020.

      Given the increased likelihood that the JPML will centralize this case with approximately 70 other business interruption cases against the Hartford insurers currently pending in 28 different district courts, Plaintiff believes it would be appropriate and judicially efficient to stay any further proceedings pending a ruling by the JPML. We have conferred with Defendant's counsel who have advised that they do not agree to the stay request.

      For these reasons, Plaintiff respectfully requests that the Court stay further proceedings in this action pending a decision by the JPML on whether this action should be centralized as part of an insurer-specific MDL.

Respectfully,

*/s/ John E. Sindoni*

John E. Sindoni

cc: All Counsel of Record (by ECF)